132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bacilio MEDINA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70435, Aop-lja-myn.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Dec. 18, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bacilio Medina, a native and citizen of El Salvador, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's ("IJ") denial of his applications for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[1] and we deny the petition.
 
 
 3
 Reviewing the entirety of the BIA's decision and the IJ's express adverse credibility finding, we conclude that the BIA made an express finding that Medina was not credible. See de LeonBarrios v. INS, 116 F.3d 391, 394 (9th Cir.1997) (stating that recitation of unique or particular words not required when BIA or IJ provides specific, cogent reason for negative credibility finding). Medina waived any challenge to the BIA's adverse credibility finding by failing to raise this issue in his brief to this court. See Martinez-Serrano v. INS, 94 F.3d 1256, 1260 (9th Cir.1996), cert. denied, 118 S.Ct. 49 (1997). Thus, Medina is not eligible for asylum because he failed to satisfy the subjective component of the well-founded fear standard. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1257-58 (9th Cir.1992).
 
 
 4
 Because Medina failed to satisfy the standard for asylum, he necessarily failed to satisfy the more rigorous standard for withholding of deportation. See de Leon-Barrios, 116 F.3d at 394.
 
 
 5
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1)